**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**CESAR MATEO,**

                        **Plaintiff,**               **9:10-cv-1103**
                                                    **(GLS/GHL)**

          **v.**

**M. GUNDRUM et al.,**

                        **Defendants**

_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Cesar Mateo
Pro Se
01-A-4789
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     JAMES SEAMAN
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Cesar Mateo brings this action under 42 U.S.C. §

1983 alleging retaliation for filing multiple grievances, and violations of his

due process and Eighth Amendment rights.  (*See* Compl., Dkt. No. 1.)  In a

Report-Recommendation and Order (R&R) filed August 30, 2011,

Magistrate Judge George H. Lowe recommended that the defendants'

motion to dismiss be granted in part and denied in part.[1]  (*See generally*

R&R, Dkt. No. 32.)  Pending are defendants' objections to the R&R.  (Dkt.

No. 33.)  For the reasons that follow, the R&R is adopted in its entirety.

## II.  Standard of Review

Before entering final judgment, this court routinely reviews all report

and recommendation orders in cases it has referred to a magistrate judge.

If a party has objected to specific elements of the magistrate judge's

findings and recommendations, this court reviews those findings and

recommendations *de novo.  See Almonte v. N.Y. State Div. of Parole*, No.

04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those

cases where no party has filed an objection, or only a vague or general

objection has been filed, this court reviews the findings and

recommendations of the magistrate judge for clear error.  *See id.*

---

[1]  The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

### III.  Discussion

Defendants raise two specific objections to Judge Lowe's R&R: (1)

Mateo failed to plead sufficient facts to establish a retaliation claim against

Gundrum and Martin, and (2) Mateo should not be granted leave to replead

certain claims.  (*See generally* Dkt. No. 33.)  The court will address each of

these objections in turn.

### A.    Retaliation claims

Defendants aver that Mateo has not alleged adverse action or

causation—two of the three elements of a retaliation claim, *see, e.g., Gill v.*

*Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)—because the "loss of

commissary and recreation privileges for 13 days and loss of one work

task" is *de minimis*, and thus does not constitute adverse action.  (*See* Dkt.

No. 33 at 1-4.)  In support of this position, defendants cite a number of

cases which state that "the temporary loss of prison privileges does not

constitute adverse retaliatory action."  (*See* Dkt. No. 33 at 2-3.)  While

defendants' argument may be true, the court is unpersuaded—at this

juncture—in light of two distinguishing factors: (1) as defendants note, the

majority of the cases cited were decided on summary judgment; and (2) the

sole case decided on a motion to dismiss predated the Supreme Court's

decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), which further explicated the "plausibility" standard.

In light of that standard, and the Second Circuit's caution against premature dismissal of potentially meritorious retaliation claims, the court concludes Mateo has plead "factual content that allows [it] to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *See id.* Accordingly, Judge Lowe's recommendation that the defendants' motion be denied with respect to the retaliation claims against Gundrum and Martin is adopted.

## B.   Leave to replead

Defendants next object to Judge Lowe's recommendation that the court grant Mateo leave to replead his claims against Martuscello, the conspiracy claims, and the Eighth Amendment claims against Gundrum and Martin.  (*See* Dkt. No. 33 at 4-6.)  These objections are without merit.

Being that this is the first time that Mateo has been alerted to the deficiencies in his Amended Complaint, leave to replead is appropriate, and within the court's discretion to grant.  *See* Fed. R. Civ. P. 15(a)(2).  As such, Mateo may file a Second Amended Complaint—if he so chooses—consistent with Judge Lowe's R&R.  The Second Amended

4

Complaint must be filed within thirty (30) days of the date of this order and strictly comply with the requirements of, *inter alia*, N.D.N.Y. L.R. 7.1(a)(4) and Fed. R. Civ. P. 11(b).  If plaintiff elects to file a Second Amended Complaint, defendant shall have fourteen (14) days to file the appropriate response, and/or renew its motion to dismiss.

## IV.  Conclusion

Having addressed defendants' specific objections *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Lowe's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge George H. Lowe's August 30, 2011 Report-Recommendation and Order (Dkt. No. 32) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 27) is **GRANTED** in part as follows:

> (1)   with respect to the due process claims against defendant Martin;
>
> (2)   all claims against the DOCCS;
>
> (3)   all claims against defendant Martuscello; and

(4)    the conspiracy claims; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 27) is

**DENIED** in part with respect to the retaliation claims against Gundrum and

Martin, and the claims against John Doe dental technician; and it is further

**ORDERED** that all claims against DOCCS are **DISMISSED WITH**

**PREJUDICE** and DOCCS is **TERMINATED** as a party; and it is further

**ORDERED** that all claims against Martuscello are **DISMISSED** with

leave to renew; and it is further

**ORDERED** that Mateo's conspiracy claims against all defendants are

**DISMISSED** with leave to renew; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2), Mateo's due

process claims against Gundrum are **DISMISSED WITH PREJUDICE**; and

it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2), Mateo's Eighth

Amendment claims against Gundrum and Martin are **DISMISSED** with

leave to renew; and it is further

**ORDERED** that Mateo identify and serve John Doe dental technician

within sixty (60) days of this order; and it is further

**ORDERED** that Mateo may—in accordance with the requirements of

N.D.N.Y. L.R. 7.1(a)(4)—file a Second Amended Complaint, if he can, in good faith, allege sufficient facts to cure the deficiencies articulated in Judge Lowe's R&R, within thirty (30) days of this order; and it is further

**ORDERED** that defendants file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Lowe in order to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

November 3, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge

7