**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____
**CESAR MATEO,**

                    **Plaintiff,**                    9:10-cv-1103
                                                                       (GLS/TWD)

                    v.

**M. GUNDRUM et al.,**

                    **Defendants.**
_____
**APPEARANCES:**                                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Cesar Mateo
Pro Se
01-A-4789
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN      JAMES SEAMAN
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Cesar Mateo commenced this action against

defendants M. Gundrum, Martin, and Mohammed Khair pursuant to 42 U.S.C. § 1983, alleging retaliation under the First and Fourteenth Amendments and cruel and unusual punishment under the Eight Amendment. (2d Am. Compl., Dkt. No. 39.) After filing an answer, defendants moved for summary judgment. (Dkt. Nos. 53, 60.) In a Report-Recommendation and Order (R&R) dated August 30, 2013, Magistrate Judge Therèse Wiley Dancks recommended that defendants' motion be granted and Mateo's second amended complaint be dismissed. (Dkt. No. 64.) For the reasons that follow, the R&R is adopted in its entirety.

## II. **Background**

On September 8, 2010, Mateo, a prisoner in the custody of the New York State Department of Corrections and Community Supervision, was incarcerated in Coxsackie Correctional Facility. (Defs.' Statement of Material Facts (SMF) ¶¶ 23-24, Dkt. No. 60, Attach. 20.) As he was leaving the mess hall that morning, Mateo realized that he had picked up someone else's book mistakenly, believing it to be his own. (*Id.* ¶¶ 25-27.) Mateo noticed that another inmate had his book, which caused him to ask that inmate to exchange books. (*Id.* ¶¶ 27-28.) Correctional officer Gundrum issued Mateo and the other inmate misbehavior reports; Mateo

2

was charged with creating a disturbance and disregarding directions related to inmate movement. (*Id.* ¶¶ 32-34.) Two days later, Martin, a supervising correctional officer, held a hearing on those charges. (*Id.* ¶¶ 35, 37.) According to Mateo, Martin threatened him at the hearing. (*Id.* ¶¶ 38-39.) Mateo was found guilty by Martin and was penalized. (*Id.* ¶ 40.)

On June 29, 2010, Mateo sought medical treatment for tooth pain from Dr. Khair, who is a dentist at Coxsackie. (*Id.* ¶¶ 5, 44.) Dr. Khair reviewed Mateo's dental history, which revealed that on two prior occasions dentists recommended that Mateo receive treatment for tooth decay in tooth number thirteen. (*Id.* ¶¶ 46-47.) Upon examination, Dr. Khair found severe decay in that tooth and provided the necessary treatment to assuage it. (*Id.* ¶¶ 49-50.)

### III. **Standard of Review**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No.

3

04-cv-484, 2006 WL 149049, at *6–7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[1] *See id.*

## IV. Discussion

Mateo objects to the R&R on the following grounds: (1) Judge Dancks overlooked Magistrate Judge George H. Lowe's prior R&R "which clearly found that special circumstances existed and were plausibly alleged to justify [his] not pursuing the grievance system"; (2) a similar case, *Mateo v. Bristow*, No. 12 Civ. 5052(RJS), 2013 WL 3863865, at *3 (S.D.N.Y. July 16, 2013), in which Mateo is the plaintiff could not be resolved on the issue of exhaustion; and (3) Judge Dancks "clearly ignored or erred in not addressing the claim against [Dr.] Khair." (Dkt. No. 65 ¶¶ 3-6, 8-9.) These objections are without merit.

First, Judge Lowe's R&R, dated August 30, 2011, did not address whether Mateo had demonstrated special circumstances that excused his

---

[1] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

4

failure to exhaust administrative remedies, and no such argument was raised by defendants. (Dkt. No. 27, Attach. 3; Dkt. No. 32.) More fundamentally, Mateo's *amended complaint* was before Judge Lowe, not his *second amended complaint*, which alleges different claims against different defendants, (*compare* Am. Compl., Dkt. No. 21, *with* 2d Am. Compl.); and defendants have raised new arguments in opposition to the operative pleading, including Mateo's failure to exhaust his administrative remedies, (*compare* Dkt. No. 27, Attach. 3, *with* Dkt. No. 60, Attach. 21). Accordingly, Mateo is simply mistaken in his belief that Judge Lowe's R&R has any impact upon the R&R now before the court.

Next, *Bristow* is of no moment here. The facts and circumstances of that case are different than those involved in the present case. Accordingly, Mateo's objection on this ground is without merit.

Lastly, Mateo's claim that Judge Dancks "clearly ignored or erred in not addressing [his] claim[s] against [Dr.] Khair," (Dkt. No. 65 ¶¶ 8-9), is similarly misguided. The exhaustion requirement pertains to all claims, *see* 42 U.S.C. § 1997e(a), and Mateo admits that he failed to "present the facts relating to [his second amended] complaint in th[e] grievance program," (2d Am. Compl. at 2). Accordingly, Judge Dancks' recommendation that

5

Mateo's claims be dismissed for his failure to exhaust administrative remedies required no separate analysis of the merits of his claims against Dr. Khair. (Dkt. No. 65 ¶¶ 8-9.) Finding no merit in Mateo's objections, the court adopts the R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Therèse Wiley Dancks' Report-Recommendation and Order (Dkt. No. 64) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 60) is **GRANTED**; and it is further

**ORDERED** that Mateo's second amended complaint (Dkt. No. 39) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court